**NOT FOR PUBLICATION**

JAN 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO ANTONIO MARROQUIN, | No. 10-17524 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00596-DGC |
| v. | |
| MACDONALD, Warden, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| JACK R. HUDSON; JENNIFER WARD, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Armando Antonio Marroquin, a California state prisoner housed in Arizona, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed the action without prejudice because Marroquin failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court did not abuse its discretion in denying Marroquin's post-judgment motion because Marroquin failed to show any grounds justifying reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and elements for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure).

The district court did not abuse its discretion in denying as premature Marroquin's motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.

2

2002) (setting forth standard of review and describing trial court's broad discretion to deny discovery).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Marroquin's remaining contentions are unpersuasive.

**AFFIRMED.**